UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:06-CR-113 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| EARL McELHENEY | ) | |

**O R D E R**

Before the Court is Defendant Earl McElheney's ("Defendant") motion to declare 18 U.S.C. § 3143(a)(2) unconstitutional and unconstitutional as applied in this case (Court File No. 40). Defendant moves the Court to declare (1) 18 U.S.C. § 3143(a)(2) unconstitutional and unconstitutional as applied in this case, and (2) the definition contained in 18 U.S.C. § 3156(a)(4) ambiguous and overbroad. Based upon Defendant's current incarceration and his imminent sentencing hearing, the Court will consider Defendant's motion without awaiting a response from the United States ("Government").

The forty-four count Indictment was issued in this case on October 24, 2006 (Court File No. 1). After his arrest, Defendant was arraigned and released on an appearance bond on October 26, 2006 (Court File Nos. 2 & 3). As a condition of release Defendant was prohibited from securing residential internet access (Court File No. 4). On December 8, 2006, the pretrial services officer filed a petition for action on conditions of pretrial release alleging Defendant did access the internet at his residence in violation of his bond conditions and allegedly committed new crimes while on release (Court File No. 11). Magistrate Judge Susan K. Lee ("magistrate judge") issued an arrest warrant and a revocation hearing was held on December 11, 2006 (Court File No. 12). The

magistrate judge found Defendant had violated a condition of his release concerning no internet access at his residence and that "defendant McElheney is unlikely to abide by any condition or combination of conditions of release" (Court File No. 13). Thus, Defendant's pretrial release was revoked and the magistrate judge ordered Defendant be detained pending trial (*Id*.).

On February 22, 2007, Defendant pleaded guilty to Count 40 of the Indictment before this Court with the benefit of a plea agreement and a sentencing hearing was scheduled for June 21, 2007 (Court File No. 31). On April 24, 2007, Defendant filed a motion to attend group counseling at the Center for Individual and Family Effectiveness (Court File No. 33). The magistrate judge provisionally granted Defendant's motion to the extent the United States Marshals Service has available personnel to transport and secure Defendant and only if Defendant pays all costs and expenses of the requested services (Court File No. 34). Defendant was directed to consult the United States Marshal's office to discuss arrangements (*Id*.). Subsequently, Defendant filed a motion for a hearing regarding his transportation to and from outside counseling and requesting a change to the magistrate judge's previous order (Court File No. 35). In this motion, Defendant requested the Court to allow his parents to transport him to and from outside counseling sessions (*Id*.). Defendant also filed a motion for reinstatement of his pretrial release (Court File No. 38). The Government filed a response in opposition to Defendant's motion for pretrial release asserting his detention was mandatory under relevant federal statutes (Court File No. 39). The magistrate judge set Defendant's motion for a change to the Court's order provisionally granting counseling (Court File No. 35) and his motion for reinstatement of pretrial release (Court File No. 38) for a hearing on May 7, 2007 (Court File Nos. 36 & 41).

Defendant filed the instant motion on May 4, 2007 contending the statutes which mandate

his pretrial detention violate his right against cruel and unusual punishment under the Eighth Amendment and his right to due process and right to equal protection under the Fourteenth Amendment (Court File No. 40). Defendant also contends these statutes are vague, overbroad, and contradictory to other definitions contained in the United States Code, the Federal Sentencing Guidelines, and United States Supreme Court jurisprudence (*Id.*). Defendant requests this Court to find the statutes mandating his pretrial detention unconstitutional and place him under house arrest pending sentencing (*Id.*).

The Government correctly states in its response brief that Defendant's detention is mandated by federal statutes. Specifically, 18 U.S.C.§ 3143(a)(2) mandates detention of a defendant who has pleaded guilty to a crime of violence as described in 18 U.S.C. § 3142 (f)(1)(A) and is awaiting sentencing. The Court notes 18 U.S.C. § 3156(a)(4)(C) defines "crime of violence" as any felony under chapter 110 entitled "Sexual Exploitation and Other Abuse of Children." Defendant pleaded guilty to Count 40 of the Indictment which charges violation of 18 U.S.C. § 2252A(a)(2)(A), which is contained in chapter 110. It is clear these statutes require mandatory detention of Defendant while he is awaiting sentencing.

At the hearing held on May 7, 2007, the magistrate judge denied Defendant's request that his parents be allowed to transport him to and from counseling sessions as well as Defendant's request for pretrial release (Court File Nos. 35 & 38). The magistrate judge specifically denied Defendant's motion for pretrial release based upon Defendant's previous violations of the conditions of his bond and regardless of his constitutional arguments regarding mandatory detention. Therefore, since Defendant was denied pretrial release on grounds other than 18 U.S.C. § 3143(a)(2) and 18 U.S.C. § 3156(a)(4), any decision of this Court regarding the constitutionality of these

3

statutes would merely be advisory and is prohibited as Defendant has not presented a case or controversy.  *See In re Post-Newsweek Stations, Mich., Inc.*, 722 F.2d 325, 328 (6th Cir.1983) (stating advisory opinions are prohibited); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)(indicating merely because a party asks a federal court to declare his legal rights does not mean the case-or-controversy requirement of Article III, Section 2 of the United States Constitution is satisfied).

Accordingly, for the foregoing reasons, Defendant's motion to declare the federal mandatory detention statutes unconstitutional (Court File No. 40) is **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**